THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| CLAUDIA CORONADO § | | |
| And SERGIO CORONADO § | | |
| Plaintiffs, § | | |
| § | | |
| VS. § | CIVIL ACTION NO. _____ | |
| § | | |
| VALLEY VIEW INDEPENDENT § | | |
| SCHOOL DISTRICT § | | |
| Defendant. § | JURY REQUESTED | |

## PLAINTIFFS' ORIGINAL COMPLAINT

COME NOW, **CLAUDIA CORONADO** and **SERGIO CORONADO**, Plaintiffs, complaining of **VALLEY VIEW INDEPENDENT SCHOOL DISTRICT** and in support thereof would show the following:

### I. NATURE OF ACTION

1. This is an action under the United States Constitution for violation of Plaintiffs' rights under the First and Fourteenth Amendments.

2. Specifically, while acting under color of law, Defendants took adverse employment actions against Plaintiffs' employment in violation of their protected First Amendment rights.

3. With respect to Plaintiff Sergio Coronado, he is alleging that the Defendant took adverse employment action against him in violation of his fourteenth amendment right to due process under the United States Constitution.

### II. JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked pursuant to 28 USC Sections 451, 1331, 1337, 1443, 1345, 1441 and 42 USC 1983.

5. Venue is proper under 28 U.S.C. Sec. 1391(a)(1) & (2) because the employment practices and actions alleged to be unlawful were and are currently being committed within the Jurisdiction of the United States District Court for the Western District of Texas, San Antonio Division.

### III. PARTIES

6. Plaintiff, CLAUDIA CORONADO, resides within the Southern District of Texas.

7. Plaintiff, SERGIO CORONADO, resides within the Southern District of Texas.

8. Defendant, VALLEY VIEW INDPENDENT SCHOOL DISTRICT, is a school district and governmental entity located entirely within the Southern District of Texas and may be served with process as follows:

> Mr. Rolando Ramirez
> Superintendent of Schools
> Valley View I.S.D.
> 9701 S. Jackson Road
> Pharr, Texas 78577

### IV. FACTUAL ALLEGATIONS

9. Plaintiffs, Claudia and Sergio Coronado are brother and sister who have collectively been employees with Valley View ISD for over 19 years. The Coronados have lived in the Valley View community for most of their lives.

10. Throughout their employment, the Plaintiffs have performed their employment duties with dedication, loyalty and hard work. Plaintiffs have received performance appraisals with very high ratings on a yearly basis. And prior to the elections of November 2016, which resulted in the seating of a new political board majority, the Plaintiffs had never had any adverse employment action taken against them nor had they ever been written up for job related misconduct.

### A. CLAUDIA CORONADO:

11. Claudia Coronado has been an employee with Valley View ISD for over 6 years. Throughout her employment as a principal at Valley View Junior High, the school received numerous accolades due to the improvements in academic performance and closing the achievement gap. Ms. Coronado had received performance appraisals with very good ratings on a yearly basis and she had never had any adverse employment action taken against her.

12. In November of 2016, Valley View ISD conducted school board elections which resulted in the seating of new school board members. Upon being sworn in, the new political majority, hereinafter referred to as the Pimentel faction, comprised of Juan Pimentel, Jose A. Rosillo, Noe Pruneda, Susana Arredondo, Ricardo Cortez Jr, and Frank Jimenez, set about on a campaign to reward those employees who had openly supported their political group. They also set about retaliating against those employees who had not supported them or had failed to participate in their campaign efforts.

13. Plaintiff Claudia Coronado, the wife of a candidate running in the election against the current elected board members, did not support the current majority. Because of her exercise of her First Amendment right to support the candidate of her choice or because she did not openly support the correct candidates, she was demoted to a lower leadership position that was not previously advertised in accordance with board policy.

14. On July 20, 2017, Ms. Coronado received an email from Claudia Garza, Human Resources Specialist, notifying her that she had been demoted as an Assistant Principal at Wilbur E. Lucas Elementary. Attached to the email was a letter from the superintendent stating that the purpose of the "reassignment" was to increase the effectiveness of the District and its

administration. Although the demotion was characterized as a "reassignment," the end result is that Ms. Coronado's pay would be cut and her number of days worked would be reduced.

15. After the election concluded on December 13, 2016, Mrs. Monica Luna, assistant superintendent for secondary schools, informed Plaintiff that she would be conducting an investigation about a complaint made to the superintendent about Ms. Coronado. Mrs. Coronado requested further information regarding the issue, Mrs. Luna said that as per the superintendent, no information could be provided until the investigation was finalized. Mrs. Luna interviewed several staff members and requested written incident reports. Some teachers revealed that the information provided on the incident reports could be acquired through a different medium without the need to individually conference with the assistant superintendent and submit it in writing. Mrs. Coronado was not asked to submit a response or present her version to the incident report. Later in day, Mrs. Luna informed Mrs. Coronado that she had concluded the investigation and that the allegations were unfounded; however, Mrs. Coronado was not informed of the reason for the investigation nor did she receive any written explanation regarding the nature of the allegations.

16. During the end of year conference in 2017, Mrs. Luna provided recommended actions for improvement that focused on unfounded complaints by teachers. Mrs. Coronado expressed her concerns of how the dynamics of the school had changed after the November's election and that the teachers who had voiced concerns about her leadership style were individuals who had openly supported the newly elected board members.

### B. SERGIO CORONADO:

17. Sergio Coronado has been an employee with Valley View ISD for over 13 years. Throughout his employment, Mr. Coronado's leadership was a key element of the high academic

achievements accomplished by the elementary campuses. Mr. Coronado had received performance appraisals with very good ratings on a yearly basis and had never had any adverse employment action taken against him nor had he ever been written up for improper job related conduct until he openly opposed the majority of the newly elected board political slate.

18. In May of 2016, the City of Hidalgo conducted election which resulted in the seating of new city council. The elected city council was openly supported by the majority of school board members, who set out to retaliate against those who had not supported or failed to participate in their campaign efforts. Mr. Coronado openly received threats from Hidalgo City Commissioner Rudy Franz and Hidalgo ISD Board member Raymundo Martinez threatening a demotion if he continued to openly oppose the Franz/Pimentel's faction's political campaign. (In the Valley View ISD and Hidalgo City communities, the opposing factions are comprised of the same people.)

19. On May 2, 2016, Mr. Coronado was investigated for an alleged situation that occurred with another a city commissioner without any basis. The superintendent, Rolando Ramirez, questioned Mr. Coronado about the incident and was asked to submit a written statement. Mr. Ben Castillo, an attorney for the district, conducted the investigation by requesting that Mr. Coronado submit additional information about the incident. There was no finding of any wrong doing by Mr. Coronado.

20. In November of 2016, Valley View ISD conducted school board elections which resulted in the seating of new school board members. Upon being sworn in, they set about on a campaign to reward those employees who had openly supported their political group. They also set about retaliating against those employees who had not supported them or had failed to participate in their campaign efforts, Mr. Coronado, brother in law of a candidate running in the

election against the current elected board members and leader of the opposing slate, openly opposed the current majority.

21. On December 5, 2016, Mr. Coronado received a write-up addressing directives and inappropriate conduct. The superintendent contended that Mr. Coronado's behavior was unprofessional, insubordinate and antagonistic, issues that had not been addressed prior to the election. Furthermore, the superintendent utilized his position to document insignificant improper job related conducts against Mr. Coronado. Mr. Coronado received multiple emails from the Superintendent undermining decisions made in regards to multiple programs he was responsible for.

22. On December 16, 2016, the superintendent addressed Mr. Coronado regarding concerns about a district competition and questioned him about the procedures to ensure that the event was successful. On March 6, 2017, the Superintendent addressed an error in grading during the UIL competition. On March 7, 2017, the Superintendent undermined Mr. Coronado's decision regarding a competition for the program Destination Imagination. The adverse documentation was ultimately utilized to justify Mr. Coronado's demotion on May 1, 2017. During the review of his evaluation, which was substantially lower than previous years, Mr. Coronado was reassigned as Assessment Director, a lower leadership position that was not previously advertised in accordance with board policy. His salary was reduced by $15,000. Due to the lack of documentation to substantiate the demotion, the Superintendent and the Board's attorney questioned elementary principals and requested written statements from them to support the demotion after the adverse employment action taken against him.

23. In his new position, Mr. Coronado's responsibilities have been reduced to merely the completion of reports and making copies, thereby drastically reducing his duties compared to

the previous person who held the same position. Moreover, Mr. Coronado was exiled from the central office administration building and segregated from all other personnel in the district, stripped from his job responsibilities and excluded from duties usually performed by other directors. Mr. Coronado has not been included in school visits nor is he allowed to attend meetings as other directors do. Furthermore, the Superintendent assigns unreasonable projects within a short period of time thus setting up Mr. Coronado for failure.

24. Furthermore, in order to create a pretext for the politically motivated adverse employment actions against the Plaintiff, the Superintendent conducted numerous unsubstantiated investigations against Mr. Coronado regarding matters that had long since occurred prior to the board elections in November 2016.

25. The Pimentel faction also set about retaliating against those employees, such as the Plaintiffs, who had not supported their faction. The Pimentel faction thereby sought to retaliate against the Coronado family which had openly opposed the faction in the November 2016 election. With respect to open opposition to the Pimentel faction, each of the Plaintiffs made telephone calls to voters urging them to vote for candidates who were in opposition to the Pimentel faction. They further urged voters at local political functions to support the candidates in opposition to the Pimentel faction. They carried signs at the designated polling areas showing their support for the candidates opposing the Pimentel slate.

26. The demotions of Plaintiff Claudia Coronado and Sergio Coronado were meant to embarrass and humiliate Plaintiffs and make it clear to all school district employees and the Valley View community that the entire Coronado family and all who dared to support the Coronados were going to be punished for failing to support the Pimentel faction.

27. In order to create a pretext for taking adverse employment action against Plaintiff Sergio Coronado, Defendant directed the school district superintendent and general counsel to conduct an investigation against Sergio Coronado to review a 2-year-old incident which had not previously been an issue prior to the November 2016 elections.

28. Ultimately, the superintendent and others acting in concert with him and the Pimentel factions set the stage for Mr. Coronado's terminating his contract at the end of the term. The superintendent utilized the 2 year old complaints to fabricate unfounded allegations and initiate a formal investigation against Mr. Coronado. On the pretext of improper conduct, the Pimentel faction approved the superintendent's recommendation of nonrenewal on January 22, 2018.

29. In October 2017, Mr. Coronado announced that he would be running for mayor of the City of Hidalgo which is encompassed by Valley View ISD. The opposing political factions at Valley View ISD and the City of Hidalgo are the same. The adverse employment action taken against Mr. Coronado was a tactical political move meant to stigmatize Mr. Coronado in the community in order to have an adverse effect on his image in the upcoming city election. In accordance with board policy, Mr. Coronado requested a hearing before the board of trustees. The Valley View ISD Board, by and through its attorney, deceptively manipulated correspondence between the parties to avoid giving Mr. Coronado a hearing and thereby depriving Mr. Coronado of a due process hearing on the termination of his contract.

## V. 42 U.S.C SECTION 1983

30. Section 1983 of Title 42 of U.S.C. provides that an individual may seek redress, by way of damages, against any person or persons who, under color of any law, statute, ordinance, regulation, or custom, knowingly subject such individual to the deprivation of any

rights, privileges, or immunities, secured or protected by the U.S. Constitution or laws of the United States. Each of the Plaintiffs has been subjected to the deprivation of their Constitutional rights as set forth below.

## VI. VIOLATION OF FIRST AMENDMENT RIGHTS

31. Paragraphs 9 through 29 are incorporated herein by reference. As stated above, the Plaintiffs engaged in speech on matters of public concern and participated in political activities away from the job setting which are directly related to their right to freedom of association. Defendant denied Plaintiffs' rights of freedom of speech and association under the First Amendment to the United States Constitution by retaliating against them for exercise of their protected speech and political association. Because the actions causing harm to the Plaintiffs were taken at the direction, approval and/or ratification by the Valley View ISD Board of Trustees, such acts of retaliation against the Plaintiffs for their exercise of their First Amendment Rights formed an official policy of the Valley View Independent School District thus making the school district liable to Plaintiffs for damages pursuant to 42 U.S.C. Section 1983.

## VII. VIOLATION OF DUE PROCESS RIGHTS

32. Paragraphs 9 through 29 are incorporated herein by reference.

33. Plaintiff, Sergio Coronado, has constitutionally protected property interest by virtue of his employment contract with the district. The termination of Plaintiff, without being given any prior pre-termination opportunity to be heard is a violation of Plaintiff's federal right to due process. Additionally, he was deprived of his liberty and property interests without adequate procedural and substantive protection prior to the unlawful taking (i.e. termination) of his employment. The termination of the Plaintiff is in violation of the liberty and the property

interests of the Plaintiff which are guaranteed under the Fourteenth Amendment of the United States Constitution as protected under 42 U.S.C. Section 1983.  This denial of due process has caused future financial loss, past and future loss of reputation, and severe emotional distress to Plaintiff which continues and is ongoing.

34. Paragraphs 9 to 29 are incorporated herein by reference.  The Plaintiff has a protected liberty interest under the 14th Amendment to not be terminated for unconstitutional reasons.  And therefore, on this basis, the Plaintiff may seek redress pursuant to 42 U.S.C. 1983.

## VIII. ACTUAL DAMAGES

35. By reason of the above actions alleged in paragraphs 9 through 29, Plaintiffs have been damaged in an amount beyond the minimum jurisdictional level of this court.

## IX. COMPENSATORY DAMAGES

36. Pursuant to the federal statutes cited above, the Plaintiffs are entitled to compensatory damages.

## XI. ATTORNEYS FEES

37. Pursuant to the federal statutes under which Plaintiffs sue, Plaintiffs have been forced to retain the undersigned attorneys to prosecute this claim on their behalf and they are entitled to recover necessary and reasonable attorney's fees, costs of litigation, together with such additional attorney's fees as may be awarded by the Court and, in the event of an appeal, to the Fifth Circuit Court of Appeals and the United States Supreme Court, and costs of Court.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that Defendant be cited to appear and answer herein and for a **trial by jury**.  Upon trial, Plaintiffs pray for an award against Defendant for actual damages in excess of the minimum jurisdictional limits of this Court, front pay, back pay, reinstatement, equitable relief, together with reasonable attorneys' fees, costs of

court, pre-judgment and post-judgment interest and such other and further relief to which Plaintiffs may be entitled.

Respectfully Submitted,

**GUSTAVO L. ACEVEDO, JR.**
814 Del Oro Lane
Pharr, Texas 78577
(956) 787-4441 (Telephone)
(956) 787-4499 (Facsimile)
Texas State Bar No. 00829805
Federal I.D. No. 10810
**Email: GLAcevedo@aol.com**


**/S/ Gustavo L. Acevedo, Jr.**
**Gustavo L. Acevedo, Jr.**


**OSCAR ALVAREZ**
600 S. 11th Street
McAllen, Texas 78501
(956) 686-6330 (Telephone)
Texas State Bar No. 01128500
**Email: OscarAlvarezLawyer@yahoo.com**

**Attorneys for Plaintiffs**